**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexis Bornstein,<br><br>    Plaintiff,<br><br>v.<br><br>Trans Union LLC, *et al.*,<br><br>    Defendants. | No. CV-18-04773-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Trans Union, LLC's ("Trans Union") Motion to Dismiss (Doc. 19, MTD), to which Plaintiff Alexis Bornstein filed a Response (Doc. 23, Resp.) and Defendant filed a Reply (Doc. 24, Reply). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

**I.    BACKGROUND**

In the First Amended Complaint,[1] Plaintiff alleges the following facts. On August 14, 2018, Plaintiff obtained her Trans Union, Equifax, and Experian credit disclosures and noticed a tradeline was reported for a debt incurred for medical services at

---

[1] After both parties submitted briefs on Defendant's Motion to Dismiss, Plaintiff filed an Amended Complaint (Doc. 31, FAC). The First Amended Complaint is identical to Plaintiff's original Complaint except for the addition of Defendant Experian Information Solutions, Inc. Thus, even with regard to Defendant's previously filed Motion to Dismiss, Plaintiff's First Amended Complaint is the operative complaint.

AZ Radiology. (FAC ¶ 10, 13.) Plaintiff and her father believed that her father's insurance should have satisfied the amount owed. (FAC ¶ 9.) Instead, the medical bill remained unpaid, Healthcare Collections assumed the debt, and later reported it on Plaintiff's credit disclosures. (FAC ¶ 7.) All Defendants, including Trans Union, reported Healthcare Collections' tradeline on Plaintiff's credit reports.[2] (FAC ¶ 13.)

On September 21, 2018, Plaintiff submitted letters to Defendants disputing the tradeline. (FAC ¶ 14.) Plaintiff's letter claimed that her father's insurance was responsible for paying the tradeline and requested that Defendants delete the tradeline from her credit file. (FAC ¶ 15.) Trans Union then sent Plaintiff's consumer dispute to Healthcare Collections. (FAC ¶ 16.) On October 3, 2018, Plaintiff received Trans Union's investigation results, which showed that Trans Union did not delete the tradeline from Plaintiff's credit file. (FAC ¶ 17.)

In the First Amended Complaint, Plaintiff asserts various violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff alleges that Defendants negligently failed to follow reasonable procedures in preparing an accurate credit report in violation of 15 U.S.C. § 1681e(b) and that Defendants violated § 1681i by negligently failing to conduct reasonable reinvestigations to determine the accuracy of Plaintiff's disputed debt information (Count One). Also, Plaintiff alleges that Defendants willfully failed to follow reasonable procedures in preparing an accurate credit report in violation of § 1681e(b) and they violated § 1681i by willfully failing to conduct reasonable reinvestigations to determine the accuracy of Plaintiff's disputed debt information (Count Two).

Defendant Trans Union now moves to dismiss all of Plaintiff's claims. Because Plaintiff's FCRA claims against all Defendants are identical, the Court will analyze Trans Union's argument as applicable to the FCRA counts against Healthcare Collections, Equifax, and Experian. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir.1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to

---

[2] None of the Defendants dispute that they are credit reporting agencies subject to the FCRA.

1 defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

## II. LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

Congress enacted the FCRA to ensure fair and accurate credit reporting, to promote efficiency in the banking system, and to protect consumer privacy. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

A prerequisite for bringing a claim against a credit reporting agency under either § 1681e or § 1681i is evidence of an inaccuracy in the credit report. *Guimond v. Trans Union*

*Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement.")

### A. Negligence Claims

Plaintiff alleges two negligent violations of the FCRA under § 1681e(b) and § 1681i. "In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond*, 45 F.3d at 1333; *see also Loomis v. U.S. Bank Home Mortg.*, 912 F. Supp. 2d 848, 855 (D. Ariz. 2012). Moreover, "a plaintiff filing a suit under § 1681i must make a 'prima facie showing of inaccurate reporting.'" *Carvalho*, 629 F.3d at 890 (*quoting Dennis v. BEH-1, LLC*, 520 F.3d 1066 (9th Cir. 2008)). Thus, to sustain a claim under either section of the statute, Plaintiff is required to demonstrate that Defendants reported a factual inaccuracy on her credit report. *Id.*

Trans Union argues that Plaintiff's Complaint fails to make such a showing because it alleges a legal question and not a factual inaccuracy (MTD at 3.) Plaintiff alleges that the reporting of the debt by Trans Union was inaccurate because it should have been paid by her father's insurance, but the original creditor failed to bill the insurance company timely. (FAC ¶¶ 9–10.) Defendant asserts that, in making this argument, Plaintiff does not "raise a factual inaccuracy required by the FCRA, but instead would require Trans Union to resolve the legal issue raised by Plaintiff's collateral attack on the underlying debts." (MTD at 4.)

The Court agrees that Plaintiff fails to raise a question of factual inaccuracy. Plaintiff does not dispute the actual existence of the debt appearing on her credit report, nor the correctness of the amount of debt reported. (FAC ¶¶ 8–15.) Plaintiff's dispute letters merely asserted that because she is not legally obligated to pay the debts listed on her credit report, the debt should be removed. (FAC ¶ 15.) Thus, Plaintiff raises a legal dispute and not a factual one.

The Ninth Circuit makes clear in *Carvalho* that a dispute over the legal validity of an item on a credit report does not constitute evidence of an inaccuracy to bring a claim under § 1681e or §1681i. 629 F.3d at 892. "Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id.* at 891. Claims brought under § 1681e and 1681i pertain strictly to disputes of factual inaccuracy, not to disputes about the underlying legality of a debt or who is responsible for paying it. *Id.* Moreover, "[a] CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits." *Id.* at 892. Plaintiff's Complaint raises a legal issue Defendant could not resolve in its reinvestigation. *See Id.* at 891. Plaintiff's proper course of action is to bring a suit directly against the original creditor. *Id.*

Plaintiff claims that her Complaint is analogous to the one in *Neill v. Experian Info. Solutions, Inc.*, No. CV-16-04326-PHX-JJT, 2017 WL 383671 (Aug. 31, 2017). However, *Neill* is factually distinct from the case here. In *Neill*, the plaintiff disputed the actual existence of a debt listed on his credit report because his landlord had invented it when the plaintiff cancelled his lease. *Neill*, 2017 WL 3838671 at *2. The plaintiff asserted that the debt appearing on his credit report in fact did not exist, and thus reporting it amounted to a potential inaccuracy. *Id.* at *3. Conversely, here, Plaintiff acknowledges that the debt exists and only argues that someone else should have paid it. (FAC ¶¶ 8–15.) Unlike *Neill*, Plaintiff is challenging the underlying legality of an item on her credit report. Thus, Plaintiff's Complaint is analogous to *Carvalho*, not *Neill*.

Accordingly, because Plaintiff is disputing the underlying legality of the tradeline on her credit report and not its factual inaccuracy, the Court finds that she has failed to present evidence showing that Defendant prepared a report containing factually inaccurate information as required to sustain a claim under § 1681e(b) and § 1681i.

The Court also denies Plaintiff's request to amend her complaint. Federal Rule of Civil Procedure 15(a)(2) permits the Court to give leave to amend "when justice so

requires." Amendment would be futile here because the facts show that there is no dispute regarding a factual inaccuracy to support Plaintiff's claims under the FCRA.

### B. Willfulness Claims

In addition to her claims for negligence violations of § 1681e(b) and 1681i, Plaintiff also alleges that Defendant willfully violated those same sections of the FCRA. Willfully failing to comply with the FCRA includes knowing and reckless violations of the statute. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57–58 (2007). A company recklessly violates the FCRA if its action is "a violation under a reasonable reading of the statute's terms" and "the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

Given that the Court has already established that Plaintiff fails to allege a factual inaccuracy that could give rise to any violation—negligent or willful—it need not analyze Plaintiff's claims that Defendant willfully violated § 1681e(b) and § 1681i.

## IV. CONCLUSION

Plaintiff has failed to state a claim for negligent or willful violations of § 1681e(b) and § 1681i. Plaintiff raises a legal question—disputing who is responsible for paying the debt—and not a factual inaccuracy, which is required to sustain a claim under the FCRA. The Court thus dismisses Plaintiff's Complaint against Defendants Trans Union, Equifax, and Experian. The Court also dismisses Plaintiff's FCRA claim against Healthcare Collections, but has no occasion here to rule on Plaintiff's claim under the FDCPA.

**IT IS THEREFORE ORDERED** granting Defendant Trans Union's Motion to Dismiss (Doc. 19).

**IT IS FURTHER ORDERED** dismissing all claims against Defendants Equifax and Experian, and the FCRA claim against Defendant Healthcare Collections. The FDCPA claim against Healthcare Collections remains pending.

Dated this 5th day of June, 2019.

Honorable John J. Tuchi
United States District Judge